IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CV-42-FL

| | | |
|---|---|---|
| FIRST PROTECTIVE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| LINDA STOKES RIKE; LEWIS EDWARD O'LEARY; PROBUILDERS OF THE CAROLINAS, INC.; WILLIAM SCOTTE HEIDELBERG; HEIDELBERG AND MULLENS, INC.; RONALD PAUL HICKS; STORMPRO PUBLIC ADJUSTERS, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to show cause as to defendants Lewis

Edward O'Leary ("O'Leary") and ProBuilders of the Carolinas, Inc. (collectively "O'Leary

defendants").[1] (DE 82). The O'Leary defendants filed a response in opposition, which the court

construed in its January 16, 2024, text order as including a motion to stay pending appeal. (DE

83). The issues raised have been briefed fully and are ripe for ruling. For the following reasons,

plaintiff's motion is dismissed for lack of jurisdiction and the O'Leary defendants' motion is

granted on the terms set forth herein.

---

[1]     For purposes of this order, the court refers to these two defendants collectively as the "O'Leary defendants" because defendant O'Leary is alleged to be the "principal owner, officer, director and registered agent for" defendant ProBuilders of the Carolinas, Inc. (Compl. (DE 5) ¶ 7).

## STATEMENT OF THE CASE

Plaintiff commenced this action May 13, 2022, arising out of a disputed insurance claim for a water leak in the residence of defendant Linda Stokes Rike ("Rike"). Plaintiff seeks a declaratory judgment vacating an appraisal of loss in the amount of $1,036,000.00 signed by defendants Scott Heidelberg ("Heidelberg") and O'Leary, on the basis that it is invalid due to: 1) conflict of interest and bias of O'Leary ("Count I"), 2) improper coverage and causation determinations made therein ("Count II"), 3) inclusion of expenses not incurred by Rike ("Count III"), and 4) inclusion of loss amounts from separate claims arising from Hurricanes Florence and Dorian ("Count IV").[2]

Plaintiff also asserts three claims for damages against defendants based on their conduct during the appraisal and insurance claim adjustment process: 1) violation of the North Carolina Unfair and Deceptive Trade Practices Act ("Count V"); 2) tortious interference with contract (against all defendants except Rike) ("Count VI"); and 3) civil conspiracy against Rike and defendant Ronald Paul Hicks ("Hicks"), a public adjuster, and his company defendant Stormpro Public Adjusters, LLC ("Count VII"). Finally plaintiff asserts a claim for declaratory judgment against Rike for breach of insurance policy.

---

[2] Plaintiff and defendant Rike were litigants in a prior separate case involving a claim based upon Hurricane Florence damage to the same residence. See No. 4:20-CV-124-D (E.D.N.C.). In an order in that case entered January 28, 2021, the court granted defendant Rike's motion for judgment on the pleadings on a counterclaim for breach of insurance policy, and it also dismissed plaintiff's claim seeking to invalidate an appraisal award premised upon fraud, mistake, or other impeaching circumstances. First Protective Ins. Co. v. Rike, 516 F. Supp. 3d 513, 529 (E.D.N.C. 2021). Defendant Rike's counterclaims for unfair and deceptive trade practices and breach of good faith were allowed to proceed forward, but the parties reached a court-hosted settlement thereafter and the case closed with a stipulation of dismissal on March 11, 2021.

2

All defendants filed answers to the complaint,[3] and the O'Leary defendants filed an amended answer October 2, 2022.[4] In case management order entered January 12, 2023, the court set a September 29, 2023, deadline for discovery and a December 1, 2023, deadline for dispositive motions. Upon joint motion of the parties, the court extended those deadlines to May 28, 2024, and July 30, 2024, respectively.

In the meantime, on October 12, 2023, the court denied motions by the O'Leary defendants based upon defendant O'Leary's asserted immunity from suit and discovery, as well as entitlement to attorney's fees, under the North Carolina Revised Uniform Arbitration Act, N.C. Gen. Stat. §§ 1-569.1 et seq. In the same order, as pertinent here, the court granted plaintiff's motion to compel discovery from the O'Leary defendants, in the form of supplementation of answers and responses to interrogatories already made by the O'Leary defendants. The court directed the O'Leary defendants "to serve complete answers and responses to plaintiff's First Set of Written Discovery Requests, specifically Interrogatory no. 14 and Requests for Production nos. 18 and 21, within 30 days of the date of [the] order." (Oct. 12, 2023, Order (DE 72) at 20).

The O'Leary defendants then filed October 31, 2023, a notice of interlocutory appeal of the court's October 12, 2023, order, which appeal docketed as case number 23-2161 is ongoing.[5] Plaintiff filed thereafter the instant motion for the O'Leary defendants to show cause why they should not be sanctioned for violating the court's October 12, 2023, order. The O'Leary

---

[3]       Defendant Rike also filed counterclaims against plaintiff for breach of contract, breach of covenant of good faith and fair dealing, and unfair claim settlement practices. The court denied defendant Rike's motion for entry of default against plaintiff on her counterclaims, premised upon plaintiff's late filing of an answer to counterclaims. (November 16, 2022, Order (DE 50) at 1-2).

[4]       The O'Leary defendants originally filed pro se an answer, and the amended answer was filed following entry of appearance of counsel for the O'Leary defendants.

[5]       In the United States Court of Appeals for the Fourth Circuit, the O'Leary defendants filed their opening brief on February 1, 2024, and response brief is due March 4, 2024.

3

defendants responded in opposition, suggesting that their appeal of the court's October 12, 2023,

order divests this court of jurisdiction to adjudicate plaintiff's instant motion and matters related

thereto. On January 16, 2024, the court entered a text order construing the O'Leary defendants'

response as including a motion to stay pending appeal, and allowed plaintiff to file a response

thereto. Plaintiff responded in opposition to the motion to stay, requesting in the alternative that a

stay not apply to supplementation of written discovery to which the O'Leary defendants had

already provided partial responses.

Discovery is proceeding forward regarding remaining defendants. In an unrelated motion

now pending before United States Magistrate Judge Robert T. Numbers, II, plaintiff moved to

compel defendants Hicks and StormPro to supplement their answers and responses to

interrogatories and requests for production. Hearing on that motion was held January 8, 2024, and

those parties were directed to jointly file a proposed order regarding resolution of discovery issues

by January 15, 2024.[6]

## COURT'S DISCUSSION

The instant motions to show cause and to stay raise an issue regarding the extent of the

court's jurisdiction over matters related to the O'Leary defendants while their appeal is pending.

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of

appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal."

Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). "This rule fosters judicial economy and

guards against the confusion and inefficiency that would result if two courts simultaneously were

---

[6]      A proposed order as directed has not been filed, and the court separately may enter such further order as is
warranted to resolve plaintiff's motion to compel discovery as to defendants Hicks and StormPro. The parties other
than the O'Leary defendants also filed a motion for protective order February 15, 2024, which was granted February
16, 2024.

considering the same issues." Id.; see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

The United States Court of Appeals for the Fourth Circuit has "recognized limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." Doe, 749 F.3d at 258 (citing Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1331 (4th Cir. 1987) (recognizing request for attorney's fees raised issues collateral to the main cause of action); Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir.1991) (holding that written order memorializing prior ruling and hearing on issue of attorney-client privilege were in aid to appeal)).

"[H]owever, these exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." Id. "A district court does not act in aid of the appeal when it alters the status of the case as it rests before the court of appeals." Id. (quotations omitted). District courts only "retain jurisdiction to determine collateral and ancillary matters that do not affect the questions presented on appeal." Langham-Hill Petroleum, Inc., 813 F.2d at 1330-31.

Application of the foregoing principles compels the court to dismiss for lack of jurisdiction the instant motion to show cause and to grant the O'Leary defendants' motion to stay. The relief sought by the motion to show cause is directly related to the issues presented on appeal by the O'Leary defendants. For example, they argue in their opening brief on appeal that "[d]iscovery may not be obtained by [plaintiff] from" the O'Leary defendants, and that "the district court's refusal to grant their motion for protective order from discovery should be reversed." (Case No.

5

23-2160 Doc: 14 at 20-21).[7]  If the O'Leary defendants are fully successful in their appeal, they will be immune from all discovery in the instant action. Accordingly, the issue whether the O'Leary defendants can be compelled to respond to plaintiff's discovery requests, or sanctioned for failing to do so, is a "matter[] involved in the appeal," and a ruling by this court would "alter[] the status of the case as it rests before the court of appeals."  Doe, 749 F.3d at 258.

Plaintiff suggests that, at a minimum, even if a stay generally applies as to the O'Leary defendants, the court should compel the O'Leary defendants to comply with the pending written discovery requests.  Plaintiff points out that the O'Leary defendants already responded, in part, to written discovery from plaintiff, and that such conduct evidenced a waiver of their position on immunity as to that particular discovery.  This suggestion, however, still has bearing directly on the issues on appeal.  If plaintiff is correct that the O'Leary defendants waived their immunity, in part or in whole, this may provide an alternative basis for affirming part or all of this court's October 12, 2023, order, and this is not an issue this court can opine upon now. See  Doe, 749 F.3d at 258.

Plaintiff also argues that the discovery sought from the O'Leary defendants could be essential to advancing the progress of discovery still ongoing for the other defendants, and that the lack of this discovery prejudices the other parties.  But this type of prejudice to parties remaining in the action is not one of the narrow exceptions to the rule divesting jurisdiction of the district court.  See Doe, 749 F.3d at 258.  The issue whether continuing discovery in the absence of the O'Leary defendants promotes the "just, speedy, and inexpensive determination of [this] action,"

---

7       Throughout this order, page numbers in citations to filed documents refer to the page numbers designated by the courts' electronic case filing system and not the page number, if any, showing on the face of the underlying document.

Fed. R. Civ. P. 1, is an issue that may be raised, if at all, separately by the remaining parties in conjunction with discovery proceedings ongoing.

## CONCLUSION

Based on the foregoing, plaintiff's motion to show cause (DE 82) is DISMISSED for lack of jurisdiction, and the O'Leary defendants' motion to stay (DE 83) is GRANTED. The instant matter is STAYED only in that part related to the O'Leary defendants. The court will enter such further order as is warranted, if any, regarding discovery from the O'Leary defendants upon mandate of the United States Court of Appeals for the Fourth Circuit in case number 23-2160.

SO ORDERED, this the 16th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

7